## W. H. GROVES, Appellant, *v.* SAMUEL TALLMAN *et al.;* Respondents.

Complaint to Dissolve Partnership—Executed Partnership Agreement to be Alleged. Where a complaint for dissolution of a partnership alleged that on a certain day the parties were partners doing a certain business and owning the property and entitled to share the profits and losses in a certain ratio; but there was no allegation of any executed partnership agreement between them : *Held*, on demurrer, that such complaint did not state facts sufficient to constitute a cause of action.

Ultimate Facts Showing Partnership as between Partners. As between partners the ultimate facts whence a partnership is deduced are first, the agreement, and second, its execution ; summed up as the executed agreement: there can be no partnership between parties, so far as they solely are concerned, without a consent thereto and fulfillment thereof.

Allegation of Partnership in Action to Dissolve. In a suit to dissolve a partnership : *Held*, on demurrer, that the allegation that the parties were partners was an allegation of a conclusion of law.

Appeal from the District Court of the Fifth Judicial District, Nye County.

This was an action against Samuel Tallman and J. N. Groves, administrator of the estate of James M. Groves, deceased, for a dissolution of the partnership of Tallman & Groves and an accounting and settling up of its affairs.    The complaint alleged the partnership as set forth in the opinion. Defendant Tallman demurred on the grounds:. 1—That said complaint does not state facts sufficient to constitute a cause of action; 2—That there is another action pending between the same parties for the same cause; 3—That there is a defect and misjoinder of parties defendant.    Defendant Groves demurred on the first and third grounds above stated and the additional one that the court had no jurisdiction of the person of said defendant.    The demurrers were sustained and time given plaintiff to amend, which being declined, judgment was entered for defendants.    Plaintiff appealed.

*H. Mayenbaum,* for Appellant.

The partnership was sufficiently alleged.    1 Estee's Pleadings, 337, 340, 342, 556—Forms, Nos. 68, 69, 70, and 202; 2 Van Santvoord's Pleadings, 361, 362; Collier on Part. Sec. 673; 16 Abb. 286; 25 N. Y. 470.

The ultimate facts, not the evidence of the facts, must be alleged in the pleadings.    16 Cal. 242; 23 Cal. 169; 31 Cal. 272.

*Geo. R. Williams,* for Respondents.

By the Court, WHITMAN, C. J.:

To the bill of appellant a demurrer was sustained, and judgment had on failure to amend, whence this appeal.

Only one point of demurrer can be noticed, as only one is properly taken, "that the complaint does not state facts sufficient to constitute a cause of action."    These are the allegations of the bill, to which the demurrer is directed: "That on the 21st day of August, 1871, and for a long time prior thereto, the said defendant Samuel Tallman, and the said James M. Groves and W. H. Groves were partners, doing business under the firm name of 'Tallman & Groves,'

and were carrying on the business of merchandising and other business at the said town of Belmont, County of Nye aforesaid. That the property, assets, profits and losses of the said partnership were owned and divided as follows, to wit: the said Samuel Tallman owned and was entitled to one half part or share of said partnership property, assets and profits, and was liable and responsible for one half of the losses and debts of the said partnership. That the said James M. Groves and W. H. Groves each owned and was entitled to one quarter part or share of the said partnership property, assets and profits, and was liable and responsible for one quarter of the losses and debts of said partnership."

The appellant contends that he has pleaded sufficiently in that he has pleaded the ultimate facts. There is his mistake: the pleading is rather a compound of conclusions of law and probative facts, which it is somewhat difficult to separate.

As between partners, the ultimate facts whence a partnership is deduced are—first, the agreement; second, its execution; summed up as the executed agreement. There can be no partnership between parties, so far as they solely are concerned, without a consent thereto and fulfillment thereof. There may be an agreement without execution, in which case no partnership arises save by decree of specific performance, or there may be an apparent execution by acts and circumstances, which as to the world would show and thereby create a partnership but as between the parties raise none, although a partnership agreement may be implied as well as express.

"It should be added, that whether two or more persons are partners as to each other, must generally and perhaps always be determined by the intention of the parties as the same is expressed in the words of their contract, or may be gathered from the acts and from all the circumstances which are available for the interpretation or construction of the contract." Parsons on Partnership, 59; *Chase* v. *Barrett*, 4 Paige, 148; *Hazard* v. *Hazard*, 1 Story, 371.

Now, the agreement between the parties to this bill is no where stated. It may be inferred,· and probably in absence of demurrer the pleading might have stood as a defective statement of fact. *Treadway* v. *Wilder, ante,* 91.

The conclusion of a partnership is alleged, and that property was owned, losses shared, and profits divided in a certain ratio. In the absence of any express agreement, such of these as are facts would tend to prove, uncontradicted would prove, a partnership between the parties; but in the absence of any express agreement so to own, share and divide, or in the face of an express agreement to the contrary, they might be susceptible of explanation.

The ultimate fact to be proven between partners is the executed agreement; that of course may be shown in various ways. From that proven ultimate fact, the aggregation perhaps of many, the law draws the inference of partnership. *Dwinel* v. *Stone,* 30 Me. 384; *Everett et al.* v. *Chapman et al.,* 6 Conn. 347; *Terrill* v. *Richards,* 1 Nott & McCord, 20; *Daggett* v. *Jordan,* 2 Fla. 541.

This ultimate fact is not averred in the present bill. The legal inference is drawn, and probative acts and circumstances alleged. This is not a statement of facts sufficient to constitute a cause of action; the very gist is omitted. So the demurrer was well taken, and the judgment of the district court is affirmed.