C. C. McKinney, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

Opinion Filed July 2, 1917.

1. Charges to the jury in a capital case are required by the statute to be wholly in writing and when signed by the trial judge and filed become part of the record and need not be incorporated in a bill of exceptions.

2. Requested charges which are denied should be signed by the trial judge and filed, and if it is desired to have the refusal to give the particular charge reviewed, exception should be duly taken at the time to such refusal to give the requested instruction.

3. When charges to the jury are attacked in this court as being inapplicable to the evidence, the evidence adduced at the trial must be contained in the bill of exceptions.

4. A statement entitled "report of the testimony and proceedings had at the trial" which was attached to the bill of exceptions but not authenticated by the certificate of the trial judge as required by the statute and the rules of court, cannot be considered by this court.

5. It is the duty of a party resorting to an appellate court for the correction of errors alleged to have occured at the trial to make the errors apparent.

6. An assignment of error based upon the admission of certain evidence will not be sustained unless it is made to appear that the evidence was erroneously admitted and harmful to the party against whom it was received.

7. Requested instructions substantially covered by the court's general charge are properly refused.

Writ of error to Circuit Court for Dade County; H. Pierre Branning, Judge. . .

Judgment affirmed.

*Penny & Penny,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted in the Circuit Court for Dade County of the murder of James Balton and sentenced to death. The case is brought here by writ of error.

The transcript of the record which was filed in this court upon the return of the writ did not show that the defendant below had been arraigned or had pleaded to the indictment or that any judgment had been entered in the case.

On the 24th of April, seven days after the return day of the writ of error a certified copy of the judgment and sentence in the case was filed in this court, and on the 23rd day of May of this year, more than one month after the return day of the writ "a true and correct copy of excerpts from the minutes" of the Circuit Court in the case was filed, which shows that the defendant was arraigned and pleaded not guilty to the indictment; that a jury was empanelled and sworn, and the verdict and judgment.

There are ten assignments of error, but all of them are based upon errors alleged to have occurred at the trial, including errors alleged to have been committed by the court in giving certain charges to the jury and refusing others requested by the defendant. While

under the statute, charges in a capital case are required to be wholly in writing and when signed by the judge and filed become part of the record in the case, (Morrison v. State, 42 Fla. 149, 28 South. Rep. 97; Sections 3990 and 1499 Gen. Stats. of Florida, 1906, Florida Compiled Laws, 1914), and need not therefore be incorporated in the bill of exceptions. Charges which the defendant requests to be given, but which are refused, should also be signed by the judge and exception duly taken to the refusal to give each one if it is desired to have the refusal to give them reviewed. See Colson v. State, 51 Fla. 19, 40 South. Rep. 183; Savannah, F. & W. R. Co. v. Brink, 44 Fla. 713, 33 South. Rep. 245. In this case no exception appears to have been taken to the refusal to give the requested instruction numbered three. Exception however was taken to the refusal to give requested instruction numbered four. When charges are criticised as being inapplicable to the evidence, the evidence must be contained in the bill of exceptions, otherwise this court cannot know and be informed whether the criticism be well founded or not. In this transcript the evidence taken at the trial is not included in the bill of exceptions. There is contained in the transcript a copy of what is called a "report of the testimony and proceedings had at the trial of said cause on the 17th day of January, 1917." It is unauthenticated by the certificate or signature of the trial judge as required by the statutes of Florida and the rules of this court. See Section 1694 Gen. Stats. 1906, Florida Compiled Laws, 1914; Rules 97, 98, 103 Circuit Court Law Actions. And cannot therefore be considered by this court. See Frisbee v. Timanus, 12 Fla. 537; Gallahar v. State, 17 Fla. 370; Burroughs v. State, 17 Fla. 643; Waddell v. Cunningham, 27 Fla. 477, 8 South. Rep. 643; Brown v. State, 29 Fla.

543, 10 South. Rep. 736; Reeves v. State, 29 Fla. 527, 10 South. Rep. 901; Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870. It would seem that the duty of the party resorting to an appellate court, for the correction of alleged errors at the trial, to make the errors apparent, is almost self evident. It is certainly a very reasonable, simple and common sense proposition and should commend itself to any one entrusted with business before the courts. This court has in a number of cases said that such was the duty of one who seeks to overcome in an appellate court the presumably correct judgment of a trial court. See Clinton v. State, 53 Fla. 98, 43 South. Rep. 312, and cases therein cited.

There is included in the bill of exceptions a statement to the effect that during the trial the State produced and offered in evidence "a certain prescription in which morphine was prescribed for one Clarence McKinney." To the introduction of this prescription in evidence the defendant objected and the objection was overruled. That ruling of the court was made the basis of the fourth assignment of error. It also appears from the bill of exceptions that the State produced a witness named "F. L. George who testified that he filled the prescription heretofore mentioned and that the prescription when filled was sent to the county jail for Clarence McKinney," but the witness could not testify that Clarence McKinney and C. C. McKinney were one and the same person. Thereupon defendant's counsel moved to strike the testimony of the witness George. The court overruled the motion and the ruling is made the basis of the fifth assignment of error. The assignment is much broader than the motion as it includes a motion to strike the prescription from the files. No error appears to have been made by the court in either ruling. The evidence

may have developed many reasons why the administering
of morphine to the defendant after his arrest and incar-
ceration was an important and relevant fact and there
is nothing to show that Clarence McKinney and the
defendant were not one and the same person. The fact
that the witness George did not know that Clarence and
C. C. McKinney were one and the same person did
not show the contrary to be true. These two as-
signments of error should fail, because in the absence
of any showing that the evidence was incorrectly
admitted and harmful to the defendant, the pre-
sumption which exists in favor of the correctness of the
Court's ruling obtains. See Clements v. State, 51 Fla. 6,
40 South. Rep. 432; Southern Home Ins. Co. v. Putnal,
57 Fla. 199, 49 South. Rep. 922; Hainlin v. Budge, 56
Fla. 342, 47 South. Rep. 825; Lewis v. State, 55 Fla. 54,
45 South. Rep. 998.

In view of the character of this case, the serious con-
sequences to the defendant of a conviction of murder
without recommendation to mercy, we have notwith-
standing the failure of counsel to present in the tran-
script a complete bill of exceptions examined the state-
ment purporting to be a report of the testimony and
read the charges given at request of the defendant and
those refused as well as the court's general charge, but
we find no reason in law for disturbing the jury's verdict.
The charges numbered three and four which were
requested to be given by the defendant and refused were
sufficiently covered in substance by the court's general
charge. The jury were fully instructed that the burden
of proving every material allegation contained in the
indictment was upon the State; that the presumption
of innocence followed the defendant through every stage
of the trial; that the jury should try the defendant fairly,

dispassionately, calmly and according to the evidence, and that there were no presumptions against him. This court has many times held that it is not error for the court to refuse to read charges already given substantially. See Sherman v. State, 17 Fla. 888; Butler v. State, 35 Fla. 246, 17 South. Rep. 551; Driggers v. State, 38 Fla. 7, 20 South. Rep. 758; Sylvester v. State, 46 Fla. 166, 35 South. Rep. 142; Hoskins v. State, 70 Fla. 186, 69 South. Rep. 701; Fine v. State, 70 Fla. 412, 70 South. Rep. 379. The charges given considered with reference to the evidence as shown in the statement referred to appear to be without harmful or prejudicial error. The judgment of the court is therefore affirmed.

BROWNE, C. J., AND TAYLOR, SHACKLEFORD AND WHITFIELD, J. J., concur.