E. N. KEEN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed February 14, 1925.

1. Courts have inherent power to do all things reasonably necessary for the administration of justice within the scope of their jurisdiction.

2. The practice and procedure by which courts exercise their jurisdiction, subject to controlling constitutional provisions, if any, may be regulated by statute.

3. The procedure of trial courts with respect to instructions to juries may be regulated by statute.

4. The statute (Sec. 1, Chap. 9364, Acts of 1923) requiring instructions to be given before the argument does not infringe upon inherent powers of trial courts.

A Writ of Error to the Circuit Court for Columbia County; DeWitt T. Gray, Judge.

Reversed.

*J. B. Hodges* and *Guy Gillen*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant Attorney General, for the State.

WEST, J.—The indictment in this case charges murder in the first degree. Upon the trial a verdict finding defendant guilty of murder in the second degree was returned. Writ of error was taken from this court to review the judgment.

The errors assigned have been presented by brief and oral argument in this court. All of them have been carefully considered. One only requires discussion.

When both the State and defense had offered their evidence and rested, the trial judge announced that he would charge the jury after argument of counsel. This ruling was objected to on behalf of defendant and exception reserved to this procedure. The jury was fully instructed in writing as required by statute, after the argument of counsel. No part of the charge is assigned as error.

The statute provides "That at the trial of any criminal prosecution or civil action or proceeding at law in the courts of this State, the Judge presiding shall charge the jury on the law of the case in the trial at the conclusion of the evidence and before argument of counsel." Sec. 1, Chap. 9364, Acts of 1923.

In Smithie v. State, 88 Fla. 70, 101 South. Rep. 276, this court, in considering this statute, said: "The Act made an important change in the procedure of criminal trials. The judge's charge following immediately upon the conclusion of the evidence may enable the jury to obtain a clearer and more accurate conception of their duties in the particular case than if they were required to wait until after the argument of counsel to hear the law of the case from the judge. Upon the other hand, the defendant may regard the impression which eloquent and able counsel, speaking in his behalf, may make upon the minds of the jury as of more value to him in the emergency. In any case, we regard the statute, not as prescribing a hard and fast rule, any divergence from which constitutes of itself re-

versible error, but as securing to the defendant merely a right which he may waive if he desires. There is nothing in the bill of exceptions to show that there was an exception taken by the defendant to the procedure adopted by the court. There is therefore nothing upon which to base the assignment of error.''

The contention on behalf of plaintiff in error is that a refusal to charge the jury by the trial court before the argument of counsel, when requested to do so, is error which, when duly presented to an appellate court, is ground for reversal of the judgment. The Attorney General on the other hand contends that the statute is an attempt to interfere with the inherent power of the court, and that charging the jury after the argument of counsel, as was done in this case, instead of before the argument, as was requested, is not reversible error.

The judicial power of the State is vested in the courts. (Sec. 1, Art. 5, Const. of Fla.) But the authority to make laws is in the legislature of the State. (Sec. 1, Art. 3, Const. of Fla.) And while the Supreme Court has power to make rules of practice which shall have the force of law, it can not make rules inconsistent with law. Sec. 2955, Rev. Gen. Stat. It is true that every court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction, yet, nevertheless, courts are subject to valid existing laws, and it is generally held that the practice and procedure by which courts shall exercise their jurisdiction, subject to controlling constitutional provisions, if any, may be regulated by statute. 11 Cyc. 739; Zimmerman v. Chicago & N. W. Ry., 129 Minn. 4, 151 N. W. Rep. 412.

In the Smithie case the giving of the charge after the argument is referred to as the ''procedure adopted'' by the court. In other cases this court has recognized the power of the legislature to regulate the procedure in trial

courts with respect to charging juries.  Secs. 2697 and 6092, Rev. Gen. Stat.; Doggett v. Jordan, 2 Fla. 541; Long v. State, 11 Fla. 295; Dixon v. State, 13 Fla. 636; Hubbard v. State, 37 Fla. 156, 20 South. Rep. 235; Morrison v. State, 42 Fla. 149, 28 South. Rep. 97; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; McKinney v. State, 74 Fla. 25, 76 South. Rep. 333.

The statute requiring instructions to be given before the argument is not one that infringes upon the court's inherent power, but is in accord with the principle that the giving of charges to the jury is a question of procedure subject to regulation by law.  With the policy of a valid statute, courts have nothing to do.

For the error in refusing to instruct the jury before argument the judgment must be reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.