HUBBART, Judge.
The central issue involved in this appeal is whether it constitutes reversible error for a trial court in a civil action to charge the jury on the law prior to the final arguments of counsel at the trial of the case. We hold that such procedure violates Fla.R.Civ.P. 1.470(b) and constitutes reversible error providing the complaining party timely objects thereto in the trial court. As there was no such timely objection in this case, we affirm.
The facts pertinent to the above issue are undisputed. The plaintiff Florida State Constructors Service, Inc. brought an action against the defendant Hazel Barth to foreclose on a mechanic’s lien, before the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant Barth answered the complaint and filed a counterclaim against the plaintiff Florida State seeking damages for poor workmanship. The case went to trial non-jury resulting in a verdict and judgment in favor of the plaintiff Florida State. This court affirmed. Barth v. Fla. State Contractors Service, Inc., 302 So.2d 476 (Fla.3d DCA 1974). The Florida Supreme Court quashed this affirmance and remanded the cause with directions to require the trial court to conduct a jury trial on the defendant Barth’s counterclaim. Barth v. Fla. State Constructors Service, Inc., 327 So.2d 13 (Fla. 1976).
On remand in the trial court, the defendant Barth amended her counterclaim to join the plaintiff Florida State’s insurer, Travelers Indemnity Co., as a counterdefendant on the counterclaim. The case was tried by a jury with Travelers severed therefrom. At the conclusion of all the evidence at trial, the trial judge announced to counsel for the respective parties that it was his practice to charge the jury on the law and thereafter allow counsel to present their respective closing arguments to the jury. Both counsel stated that they were unaware of the judge’s procedure in this respect, but neither made any objection thereto. Thereupon, the trial court instructed the jury on the law and thereafter counsel for the respective parties presented their final arguments to the jury.
The jury returned a verdict in favor of the plaintiff Florida State and a final judgment was rendered in its favor. Subsequently, a summary final judgment was rendered in favor of Travelers based on the jury verdict. The defendant Barth appeals both judgments.
It is the established law of this state that in a jury trial on a civil action “[t]he court shall charge the jury [on the law] after the arguments [of counsel] are completed.” *201 Fla.R.Civ.P. 1.470(b). It is reversible error for a trial court to deviate from this procedure and instruct the jury on the law prior to the closing arguments of counsel providing the complaining party timely objects thereto in the trial court. Keen v. State, 89 Fla. 113, 103 So. 399 (1925) (criminal conviction reversed because trial judge instructed the jury after the closing arguments of counsel in violation of a then existing criminal procedure statute). Absent such an objection, however, the error is not considered fundamental and is therefore not reversible. Smithie v. State, 88 Fla. 70, 101 So. 276 (1924) (criminal conviction affirmed where trial judge instructed the jury after the final arguments of counsel in violation of a then existing criminal procedure statute without objection by the defendant).
In the instant case, the trial court clearly committed error in instructing the jury pri- or to the closing arguments of counsel in violation of Fla.R.Civ.P. 1.470(b). There was no objection, however, made to this procedure by the defendant Barth in the trial court. Consequently, it is our view that she has waived the error for appellate review.
We have considered the other point raised by the defendant Barth on this appeal and find it to be without merit. Accordingly, the final judgments appealed from are hereby affirmed.
Affirmed.