STATE *ex rel.* RODERICK G. ROSS, RELATOR, VS. RHYDON M. CALL, AS JUDGE OF THE FOURTH JUDICIAL CIRCUIT OF FLORIDA, RESPONDENT,—MANDAMUS.

1. Under section 1308 Revised Statutes this court is invested with, and the inferior courts are divested of. the power to adopt rules of practice of a permanent and general nature an1 convenient simply, not necessary, to the administration of law by such inferior courts.

2. The Circuit Courts in this State have no power to adopt a rule of

practice to the effect that no cause standing for argument up-on pleadings in cases at law shall be submitted to the court. until the party moving shall have furnished the court and opposite party a brief abstract of the matter submitted, containing the substance of the material pleadings, facts and documents relied on, and the points of law and fact intended to be presented in argument with a citation of the authorities, that upon such presentation the court may determine whether an extended or other oral discussion of the facts or law shall be allowed and may thereupon designate the time, place and limit for such discussion, that the court may also designate the time within which the opposite party shall submit in writing his abstract of the cause pending, points of law and facts to be presented in argument with citation of authorities. relied on, and also the time within which the moving party may reply in writing.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion.

*Bisbee & Rinehart*, for Relator.

*D. U. Fletcher* and *A. W. Cockrell*, for Respondent.

CARTER, J.:

On February 8, 1897, C. D. Rinehart, of counsel for relator, called up for hearing before respondent the demurrer to a declaration in an action pending in the Circuit Court of the Fourth Judicial Circuit for Duval county, wherein relator was plaintiff, and the Florida East Coast Railway Company was defendant, and then and there offered to submit to the decision of the court the issues of law raised by said demurrer upon oral argument. The defendant's counsel, under notice, was present, ready to proceed with the hearing. The respondent declined to hear oral argument upon

said demurrer, because relator's counsel had not presented an abstract with authorities as required by a rule adopted by respondent at the Fall term, 1896, of the Circuit Court for Duval county.; the rule being in the following language :

"December 23rd, A. D. 1896.

The court met this day as ordered at ten o'clock A. M. Honorable Rhydon M. Call, Judge, presiding.

Whereupon, it is ordered by the court that the following rules of practice shall be hereinafter followed as to the matter which they relate :

No cause standing for argument, whether upon final hearing, or interlocutory order, in equity cases, or upon pleadings in cases at law, shall be submitted to the court, until the party moving the court shall have furnished the court and the opposite party, a brief abstract of the matter submitted, containing the sub stance of the material pleadings, facts and documents relied on, and the points of law and fact intended to be presented in argument, with a citation of the authorities.

Unpon such presentation, the court may determine whether an extended or other oral discussion of the facts or law shall be allowed and may thereupon designate the time and place and limit for such discussion. The court may also designate the time within which the opposite party shall submit in writing his abstract of the cause pending, points of law and facts to be presented in argument with citations of authorities relied on and also the time within which the moving party may reply in writing."

Upon relator's suggestion on March 10, 1897, we issued an alternative writ of mandamus commanding respondent to consider and decide the issues raised by

such demurrer, or show cause to the contray, and upon respondent's return a motion is made for a peremptory writ. Respondent justifies his refusal upon the sole ground that the rule above mentioned had not been complied with; and claims that he had power to adopt it; that its observance expedited the business of the court, and that the rule was reasonable in view of the large amount of business in the Fourth Circuit, the many new questions frequently presented and the time theretofore consumed in oral arguments before the judge at chambers. It is not clear whether the rule was intended to apply to respondent's entire circuit, or only to Duval county. We have no doubt that the rule was adopted by respondent from the best motives, and with an earnest desire to expedite the business before him, but we have been unable to find any authority in a Circuit Court to adopt such a rule. It is contended by respondent that every court of record has inherent power to adopt rules of practice. While this is true in a general sense, yet it is equally true that in all matters not purely of a judicial nature, or forbidden by constitutional limitations, the legislature has power to prescribe general rules of procedure and pleading, binding upon the parties and the court. Elliott's Appellate Procedure, sec. 7. This inherent power is nothing more nor less than an implied power arising from the rule as expressed by Judge Cooley (Constitutional Limitations, p. 78), "when a constitution gives a general power, or enjoins a duty, it also gives by implication, every particular power *necessary* for the exercise of the one or the performance of the other." The Circuit Courts being creatures of our constitution, and their course of proceeding not being minutely pointed out by the constitution, have im-

plied authority to adopt necessary rules to enable
them to exercise their constitutional jurisdiction in all
cases where the common law, or rules enacted by leg-
islative authority, fail to provide a necessary method
of procedure; and legislative regulations, when enact-
ed, must not substantially impair the constitutional
powers of the court, nor practically defeat their exer-
cise.   Courts of record also have power by the com-
mon law to frame rules of pleading and practice, but
this power, like all other rules of the common law, is
subject to legislative regulation and repeal so long as
the express or implied powers given by the constitu-
tion are not impaired.   It necessarily follows from
these principles that the legislature has power to di-
vest the common law right of the Circuit Courts to
prescribe such rules of practice as are simply conven-
ient or beneficial, but not necessary, to the court in the
exercise of its rightful jurisdiction.   And we think the
legislature has done so in this State.   Section 1308,
Revised Statutes, which, in substance, has been in
force since 1868, gives to this court the power ''to
make, amend, annul or modify rules of practice or
pleadings of the Supreme, *or any other court*, as it
may see fit, not inconsistent with law, and to make
and prescribe such new or altered forms of practice,
pleadings and proceedings for all the courts of the
State as it may think necessary.''   While there are
many special rules and orders which every court from
necessity must make in the absence of a rule pre-
scribed by this court, under the authority of this leg-
islation, such, for example, as the time for convening
and adjourning the court, placing reasonable limita-
tions upon oral arguments, and many others of tem-
porary or special application, we are constrained to

State of Florida ex rel. Ross v. Call, Judge.—Opinion of Court.

hold that as to all matters of practice and procedure of a general or permanent nature which are merely beneficial or convenient, the provisions quoted have divested the inferior courts of, and invested this court with the power to adopt rules for the government of such inferior courts.

It was contemplated by the constitution that the legislature would regulate the practice of courts of justice, and it was, therefore, provided by section 20 of Art. III, Constitution of 1885, among other things, that "the legislature shall not pass special or local laws in any of the following enumerated cases, that is to say, * * * regulating the practice of courts of justice, except municipal courts;" and by section 21 it was provided that in all such cases "all laws shall be general and of uniform operation throughout the State." These provisions were also embraced in sections 17 and 18 Art. IV constitution of 1868. Under these provisions of the constitution of 1868 the legislature, by section 3 Chap. 1626, act of August 1, 1868, gave to the Supreme Court "power to make, amend, annul or modify any rule of practice of the Supreme, Circuit or County Courts, as they may see fit," and by section 12 Chap. 1938, act of February 24, 1873, "full power was conferred" on this court "to make any and all rules of practice, pleadings and proceedings to carry out the provisions of this act and to prescribe, regulate and control the practice, pleadings and proceedings in the several courts of this State." Under this authority this court on May 26, 1873, adopted 103 rules of practice for the government of the Circuit Courts in Common law actions, and 95 for their government in suits in equity, most of which are still in force, but none of these rules require the presentation

to a Circuit Judge of an abstract and citation of authorities as required by the rule under discussion, as a prerequisite to the right of oral argument upon any question to be submitted to such court. The legislature, instead of passing a general act covering every phase of judicial practice and procedure, has invested this court with the authority to prescribe rules for its government, and for the government of inferior courts in matters of procedure, where not otherwise prescribed by the legislature. And as the excellent common law system of pleadings and practice derived its origin from, and was through successive ages brought to its present state of perfection by, the wisdom and experience of the judiciary, rather than from legislative enactments, it was no doubt thought by our legislature appropriate to entrust to the court of last resort, the power to make rules for the government of itself and inferior courts, with power to modify and annul same, as the experience of the court might suggest. The power was intrusted to this court, rather than to the Circuit Courts, in order that the rules made might be uniform and binding on all similar courts throughout the State, in accordance with the evident intent of the constitution, for had the power been left with each court, we would perhaps have had different rules for different courts, dictated by the varying, supposed or real, necessities of the several courts, thereby introducing the elements of confusion and uncertainty in judicial procedure in this State; dependent entirely upon the locality of the court, or the character of the litigation usually arising before it.

In this connection it may be interesting to note that from the earliest period in the history of this State the power to make rules for inferior courts have been con-

JUNE TERM, 1897.     511

State of Florida ex rel. Ross v. Call, Judge.—Opinion of Court.

ferred on our appellate courts.  By section 12, act of December 13, 1824, it was provided that the "Court of Appeals shall have power and it shall be its duty to make all necessary rules for the regulation of the practice of the said Superior Courts, as well as for the said Court of Appeals, which said rules so made shall be submitted to the Legislative Council at the session thereof next after the making of such rules, and the said rules, if approved of by the said Legislative Council, shall after such approval have the force, effect and authority of laws."   Section 12 act of November 12, 1828, gave similar power to make rules not only for Superior Courts, but for the County Courts as well. Section 12, act of February 10, 1832, provided that "the said Court of Appeals shall have power and it shall be its duty to make all necessary rules for the regulation of the Superior Courts, as well as for the Court of Appeals."   The rules adopted under the authority of this act were published with the acts of 1843, pages 83 *et seq.*   The act of July 25, 1845, organizing the Supreme Court after our admission into the Union as a State, by section 3 provided "that the rules of said Court of Appeals and of said Superior Courts heretofore formed and adopted by said Court of Appeals according to law, shall be held and deemed to be in full force, and to apply to said Supreme Court and said Circuit Courts, till altered and annulled by said Supreme Court as hereinafter provided;" and by section 5 it was provided that at a term of the Supreme Court commencing on the first Monday in January, 1846, "the said court make and adopt rules for the regulation of the practice in all cases before it and before said Circuit Courts, which

33

shall be published by the Attorney-General as the laws are published, and be submitted to the General Assembly at its next session, and shall be in full force till annulled and altered." The rules made under this authority were published with the acts of 1846, and, with the exception of two, were approved by the act of January 6, 1847, which, among other things, provided by section 1, that "the Supreme Court of this State shall have power to abolish, alter or amend, or add to the rules adopted at the last session of said court, for the regulation of the practice therein and of the practice of the Circuit Courts of this State, whenever to said Supreme Court it may seem expedient and proper."

It is contended by respondent that the language of section 1308 Revised Statutes, "to make, *amend, annul*, or *modify* rules of practice of the Supreme, *or any other court*" recognizes by implication the power of other courts to make rules to so be amended, annulled or modified. We do not think this contention can be sustained by a proper construction of the language used. The power to amend, annul or modify, must be construed in connection with the power to *make* rules of any other court, and when so construed it means that this court may amend, annul or modify rules made by it for other courts. The rule under consideration is of that character which this court only has power to adopt, being of a permanent and general nature, and convenient simply, not necessary, to the administration of law by the respondent, and is, therefore, no justification for respondent's failure to consider and decide the issues of law presented by the demurrer and declaration.

The peremptory writ will be awarded.