Turner Cooper v. State of Mississippi.

1. CRIMINAL LAW. *Instruction. Evidence.*

An instruction not based on evidence is fatally erroneous, if by any means it might mislead the jury. *Oliver* v. *State,* 39 Miss., 526; *Spradley* v. *State, ante,* p. 82, cited.

2. SAME. *Homicide. Self-defense. Provocation of difficulty. Deadly weapon.*

When the evidence on a murder-trial is conflicting as to whether, or not, the killing was in necessary self-defense, and does not show a settled purpose on the part of the accused to kill the deceased at all events, it is error to instruct the jury to convict of murder if they believe from the evidence that the accused armed himself with a deadly weapon and provoked the difficulty with the deceased, intending to use the weapon, should its employment become necessary to overcome the deceased, although they may also believe that the killing was in self-defense; and a conviction of manslaughter will be set aside.

FROM the circuit court of, first district, Coahoma county.

HON. FRANK E. LARKIN, Judge.

Cooper, appellant, was indicted and tried for murder, convicted of manslaughter, and appealed to the supreme court.

The opinion sufficiently states the case.

*D. A. Scott,* for appellant.

There was no evidence of a premeditated design on the part of the accused to kill the deceased upon which the third instruction granted the state could be based, and the instruction was misleading and erroneous. It is no answer to the appellant's complaint of error in this instruction to say that he was convicted of manslaughter and not of murder, as charged, for in the absence of any premeditated design against the life of the deceased, if the jury believed the testimony going to show that the killing was in necessary self-defense, it was their duty to

acquit, and they should not have been instructed to the contrary.

*W. L. Easlerling,* assistant Attorney-General, for the state.

The conduct of the accused both before and after the killing is strongly indicative of a deliberate design to take the life of the deceased.

TERRAL, J., delivered the opinion of the court.

Turner Cooper was tried in the circuit court of the first district of Coahoma county for the murder of Rich Tucker, was convicted of manslaughter, and sentenced to the penitentiary for ten years, from which judgment he appeals. According to the testimony of several witnesses the parties met in a storehouse, when Cooper fired his pistol at Tucker and inflicted a wound upon him, of which he soon died, at a time when Tucker was making no demonstrations against him, and had no weapon with which to do him hurt; according to other witnesses Cooper shot and killed Tucker by reason of an assault and battery upon him by Tucker with his fist; while still other witnesses stated that Cooper shot Tucker in defense of his person against an assault and battery upon him by Tucker with a knife.

The court instructed the jury, among other instructions, as follows: No. 3. "The court instructs the jury that if they believe from the evidence beyond a reasonable doubt that the defendant armed himself with a pistol for that purpose, and went to Morgan's store and provoked a difficulty with deceased by word or action, intending to use such weapon in the difficulty in the event that it should become necessary to overcome the deceased, and that he then shot and killed deceased in such difficulty, the jury will find him guilty as charged, even though they further believe that deceased was armed with a pistol, knucks, and knife, and attempted to cut defendant, and did cut him; and though they also believe he killed deceased in self-defense." This instruction was excepted to. The elements of

such willful and settled purpose on the part of Cooper to kill Tucker, at all events so as to exclude him from making the plea of self-defense, are, in our opinion, wanting in this case. True it is that Cooper had a pistol, and also had a difficulty with Tucker, but there is no proof that he procured the pistol for the purpose of killing Tucker, or that he provoked a difficulty with him for the purpose of taking his life under the pretense of self-defense. The evidence to justify this instruction cannot be found in this record. An instruction not based upon evidence is fatally erroneous, if by any means it might mislead the jury. *Oliver* v. *State,* 39 Miss., 526; *Cothran* v. *State, Id.,* 541; *Frank* v. *State, Id.,* 705; *Spradley* v. *State, ante,* 82, s.c., 31 So., 534.

*Reversed and remanded.*