BEE W. JONES *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Murder. Self defense. Instruction. Abandonment of intent to kill.*

   In a murder case it is error to give an instruction for the state denying defendant the right of self-defense if he armed himself with a deadly weapon and provoked the difficulty with intent to kill deceased, there being testimony tending to show that defendant abandoned the intent to kill before slaying the deceased and that the killing was in self-defense.

2. SAME. *Satisfaction of jurors' minds and consciences. Reasonable doubt.*

   An instruction authorizing the conviction of a defendant if the minds and consciences of the jury are fully satisfied of his guilt is erroneous; the jury should not convict unless satisfied of a defendant's guilt beyond every reasonable doubt arising from the evidence.

FROM the circuit court of Leflore county.

HON. A. McC. KIMBROUGH, Judge.

Jones, appellant, having been indicted, tried, and convicted of the murder of one Robert Riley and sentenced to the penitentiary for life, appealed to the supreme court.

On the night of January 7, 1904, at a meeting of the colored Knights of Pythias, appellant shot and killed Riley. Before the meeting was called to order, some question came up

as to the correctness of the books of the organization, of which Jones had control, and Riley said: "Open up the lodge, and let Bee W. alone." Whereupon angry words passed between Jones and Riley, and Jones advanced toward Riley with his hands in his pistol pocket, making insulting remarks. The chancellor commander of the lodge went to Jones, caught him by the coat, and ordered him to take his seat. Thereafter Riley attempted to get a stick, and, failing in that, got a hatchet and advanced upon Jones, who moved away, drawing his pistol, and backed fifteen or twenty feet from where the trouble first commenced, followed by Riley, when Jones shot Riley, killing him. The third instruction given for the state, referred to in the opinion of the court, is as follows: "No. 3—The court instructs the jury that if the minds and consciences of the jury are fully satisfied by all the evidence in the case that the defendant provoked the difficulty with the deceased, armed at the time with a deadly weapon, provided for the purpose of killing or doing deceased some great bodily harm, and that he shot and killed the deceased in the difficulty so provoked, then the court instructs the jury that the defendant is guilty, even though the jury may believe that the defendant, at the time he killed the deceased, killed him in self-defense."

*S. R. Coleman,* for appellant.

The long line of decisions condemning the omission of "belief beyond reasonable doubt" has been violated, and the court is referred to Helm's case as authority for the language used. But the graver and greater error in the third instruction is in leaving out entirely and taking from the consideration of the jury whether or not Jones had abandoned the difficulty, even if he provoked it, and whether Riley was or was not the aggressor at the time of the shooting.

*William Williams,* attorney-general, and *McClurg, Gardner & Whittington,* for appellee.

The testimony is undisputed that Jones made threats to kill Riley on Thursday morning; that he was the aggressor and provoker of the difficulty; that he entered it armed with a deadly weapon, intending to use it when he provoked or brought on the encounter; that he did originate the difficulty; that he did not at any time abandon the difficulty, and did use the weapon and kill Riley in the difficulty so provoked, pursuant to such intent, and provoked for the purpose of decoying his victim into demonstrations which would apparently justify the contemplated killing.    There was no error by the court below in granting instruction No. 3 for the state.    *Helm* v. *State,* 67 Miss., 562; *Aldridge* v. *State,* 59 Miss., 250.

Under the facts proved in this case this instruction is in complete harmony with the law as announced in *Cannon* v. *State,* 57 Miss., 147; *Allen* v. *State,* 66 Miss., 385; *Hunt* v. *State,* 72 Miss., 413; *Prine* v. *State,* 73 Miss., 838; *King* v. *State,* 74 Miss., 576; *Fore* v. *State,* 75 Miss., 727; *Long* v. *State,* 52 Miss., 36; *Smith* v. *State,* 75 Miss., 542.

TRULY, J., delivered the opinion of the court.

The third instruction for the state is fatally erroneous.    It states that "if the minds and consciences of the jury are fully satisfied by the evidence in the case" of the existence of certain facts therein stated, the jury should convict, even though they should believe "that the defendant at the time he killed the deceased killed him in self-defense."    "Full satisfaction" of the minds and consciences of the jury of the guilt of a defendant is no compliance with the rule which requires the jury to be convinced of guilt "beyond all reasonable doubt." *Williams* v. *State,* 73 Miss., 823; 19 South., 826; *Powers* v. *State,* 74 Miss., 777; 21 South., 657; *Lipscomb* v. *State,* 75 Miss., 576; 23 South., 210, 230.    The instruction is further inaccurate in that it deprives the defendant of the right of self-defense, even though, after provoking the difficulty, he may have, in good faith, withdrawn therefrom.    It is well

settled that one may wrongfully provoke a difficulty, and yet if afterwards, at any moment during its progress, he in good faith abandons the conflict, and is subsequently murderously assaulted by the deceased, and is forced to slay in self-defense, he is not estopped from pleading such self-defense in justification of his acts. *Smith* v. *State,* 75 Miss., 553; 23 South., 260; *Patterson* v. *State,* 75 Miss., 675; 23 South., 647. We approve the language employed in *Lofton* v. *State,* 79 Miss., 734; 31 South., 425, where, speaking of an instruction similar to the one here under review, the court said: "This form of charge, declaring a defendant estopped to plead self-defense, is an exceedingly unwise one to be given. We have repeatedly condemned it. . . . It can never be proper, save in a few very rare cases where the case is such, on its facts, that a charge can be given embracing all the elements—not part of them, nor nearly all of them—essential to the estoppel. The old paths are the safe paths."

*Reversed and remanded.*