John Herring *v.* State of Mississippi.

[40 South. Rep., 230.]

Homicide. *Self-defense.*

Although a defendant armed himself for the purpose of provoking, and did provoke, the difficulty in which he killed his adversary, he may show that the killing was not in pursuance of the previous malicious purpose to kill with which his weapon was procured; that he abandoned such purpose, was seeking to retreat from the conflict, and thereafter had to kill in self-defense.

From the circuit court of Lincoln county.

Hon. Moyse H. Wilkinson, Judge.

Herring, the appellant, was indicted for murder, was tried therefor and convicted of manslaughter, and appealed to the supreme court. The opinion of the court sufficiently states the case.

*A. C. & J. W. McNair,* and *Brennan & Hannah,* for appellant.

The second instruction for the state does not correctly announce the principle of law applicable to such cases as the instant one. That principle is announced by this court in Prine's case, 73 Miss., 842 (s.c., 19 South. Rep., 711), and in several cases since. *Lofton* v. *State,* 79 Miss., 723 (s.c., 31 South. Rep., 420); *Pulpus* v. *State,* 82 Miss., 548 (s.c., 34 South. Rep., 2); *Rogers* v. *State,* 82 Miss., 479 (s.c., 34 South. Rep., 320); *Cooper* v. *State,* 80 Miss., 175 (s.c., 31 South. Rep., 579).

*R. V. Fletcher,* assistant attorney-general, for appellee.

The really serious question in this case is the giving of the second instruction denying to defendant the right of self-defense. It may be admitted that the giving of this instruction is dangerous experiment. But, of course, cases can arise where it is proper and the granting of it is not reversible error. *Helm* v. *State,* 67 Miss., 562 (s.c., 7 South. Rep., 487); *Cannon* v. *State,* 57 Miss., 147; *Allen* v. *State,* 66 Miss., 385 (s.c., 6 South. Rep., 242).

All the numerous cases holding that the giving of this instruction is reversible error contain features which condemn the instruction. The instruction as formed contains a correct statement of the abstract principle, but the danger lies in its application to the facts of any particular case. It is not pretended in the instant case that defendant attempted to withdraw from the conflict after entering into it.

The court reversed the Cooper case—80 Miss., 175 (s.c., 31 South. Rep., 579)—largely because the proof failed to show that defendant armed himself with the weapon for the

purpose of killing his adversary; but in the instant case there can be little doubt that defendant had the gun for this very purpose. The same observation is true of the Lofton case, 79 Miss., 734.

It will be noted, too, that the second instruction for the defendant may go far toward curing any error in the state's second charge.

While fully recognizing that this charge has been frequently condemned by this court, it is respectfully submitted that in a case where the defendant's guilt is overwhelmingly shown or confessed, the giving of this charge will not be reversible error. *Vance* v. *State,* 62 Miss., 137.

CALHOON, J., delivered the opinion of the court.

While we agree with the assistant attorney-general, in his lucid and frank brief, that this seems to be a case of deliberate murder, still we are not the jury, and cannot close our eyes to the fact that there was evidence tending to show self-defense. This being true, it was clearly erroneous to give instruction number two for the state, as follows:

"The court instructs the jury, for the state, that one who is the aggressor in a difficulty, and who arms himself with a deadly weapon for the purpose of overcoming his antagonist in the combat, cannot be heard to plead self-defense if, in the difficulty that ensues, he kills his antagonist; and if the jury believe, from the evidence in this case, beyond a reasonable doubt, that the defendant armed himself with a rifle and entered into a difficulty with Frazier, intending to use the rifle, if necessary, to overcome Frazier, and that Herring then and there, unlawfully, willfully, deliberately, and of his malice aforethought, shot and killed Frazier, he cannot lawfully plead self-defense, and he is guilty as charged, and you should so find."

This instruction has been quite often condemned by this court. *Lofton* v. *State,* 79 Miss., 723 (31 South. Rep., 420); *Cooper* v. *State,* 80 Miss., 175 (31 South. Rep., 579); *Jones* v. *State,*

84 Miss., 194 (36 South. Rep., 243) ; *Pulpus* v. *State,* 82 Miss., 548 (34 South. Rep., 2).

It will be noted that the charge nowhere intimates that the killing had to be in pursuance of the previous malicious purpose to kill, with which purpose the weapon was provided. A man may procure a weapon and provoke a difficulty and kill, and still be innocent, if he did it in self-defense at the time, and not in pursuance of the original malicious intent. If stress be laid on the words in the latter part of instruction number two for the state, that if the defendant, "unlawfully, willfully, deliberately, and of his malice aforethought, shot and killed Frazier, he cannot lawfully plead self-defense," etc., then the instruction is glaringly misleading in its former part. We hope at some day to see the end of such experimental charges in state cases, where, for the protection of the innocent, all men are given by law the equal right to an impartial trial under instructions announcing correct legal principles. In this view district attorneys may be of immense aid to trial judges, who must act, in the hurry of trials, to the advancement of justice and the economy of the state. Where defendants ought to be convicted they generally are, on few or no instructions; and illiberal rulings on the offer of testimony, or charges not entirely free from criticism, are of doubtful propriety.

*Reversed and remanded.*