JAPHUS H. GARNER v. STATE OF MISSISSIPPI.

[47 South. 500.]

1. CRIMINAL LAW AND PROCEDURE. *Assault and battery with intent to· murder. Previous difficulty. Renewal. Self-defense.. Estoppel.*

A defendant is not precluded from claiming that he acted in self-defense because after a previous difficulty he armed himself and sought his adversary to renew the conflict, if while so doing he· was fired upon by him, and thereupon shot and wounded him, not in pursuance of an original intent to kill.

2. SAME. *Instruction.*

In such case a defendant's instruction warranting an acquittal if· the jury should believe he did not shoot in pursuance of the orig- inal intent to kill, but because at the time he was in danger of loosing his own life, should not be modified by adding thereto the words "without fault in himself in bringing on the difficulty." ⌐

FROM the circuit court of Jefferson Davis county.

HON. ROBERT L. BULLARD, Judge.

Garner, appellant, was indicted and tried for an assault and battery with intent to murder one, Clark, was convicted and' sentenced to the penitentiary for two years, and appealed to the supreme court.

Appellant and Clark had a fight near the railroad depot in the village of White Sand. Upon the separation of the combat- ants the appellant, with a threat to kill Clark, went to his home, a few hundred yards away, secured a gun and came back with it to the scene of the difficulty. While appellant was looking into the depot passenger waiting room and calling for Clark the latter appeared and fired on appellant, but without effect. Ap- pellant immediately shot Clark, wounding him. On the trial of appellant the state was granted the following, its only, in- struction:

"(1) The court instructs the jury, for the state, that if they believe from the evidence in this case beyond all reasonable

doubt that, after the first difficulty between Clark and defendant was over, the defendant armed himself with a deadly weapon for the purpose of killing Clark, and then sought and hunted Clark for the purpose of killing him, and that on finding Clark he shot him with the deadly weapon, intending to kill and murder him, then the defendant is guilty as charged in the indictment, even though you believe from the evidence that Clark shot Garner first."

The court below also modified an instruction asked by the defendant, the modification consisting of adding, at the end thereof the words printed in italics:

"(4)    The court instructs the jury that danger should apparently be imminent, yet it is not essential that it should be immediate and impending at the very moment of the shooting; so that, even though you may believe from the evidence in this case that the danger to defendant was only apparent, and not imminent, yet if it appear to you that the danger was apparent to defendant at the time of the shooting, then you must find the defendant not guilty, provided you believe that the shooting was not done in pursuance of his original intention to kill, if such ever existed, but shot because he was then in danger of losing his own life, *without fault in himself in bringing on the difficulty.*"

*Livingston & Cowart,* for appellant.

The state asked for only one instruction, and the granting of it constituted error.    The instruction fails to state that to constitute a criminal act the shooting must have been done in pursuance of appellant's previous intent to kill, if any such intent existed.    It positively states that if the jury should find that the appellant armed himself with a deadly weapon for the purpose of killing Clark, etc., then appellant is guilty as charged, even though Clark shot appellant first.    Instructions similar to this have repeatedly been condemned.    *Lofton v. State,* 79 Miss. 723, 31 South. 420; *Herring v. State,* 87 Miss. 628, 40 South.

230; *Cooper v. State,* 80 Miss. 175, 31 South. 579; *Pulpus v. State,* 82 Miss. 548, 34 South. 2; *Jones v. State,* 84 Miss. 194, 36 South. 243.

It was also reversible error for the court below to modify the fourth instruction asked by appellant, by adding the clause, *"without fault in himself in bringing on the difficulty."* The instruction should have been granted, as asked, without such additional clause. If the shooting was done by appellant, not in pursuance of his original intention, but because, when he shot, he was actually in danger of losing his own life, it is immaterial whether or not he brought on the difficulty.

*George Butler,* assistant attorney general, for appellee.

Where two persons fight upon sudden quarrel, and then are separated, and afterwards on renewing the fight one kills the other, each at the time being armed with a deadly weapon, the killing constitutes murder, and the slayer cannot legally invoke the doctrine of self-defense. Wharton on Homicide, 537.

So, also, a person who arms himself and seeks his antagonist, or returns armed to the place of a former difficulty for the purpose of renewing the conflict, is precluded 'from the plea of self-defense. Where a person, having been engaged in a difficulty with another, goes off and arms himself in order to renew the difficulty, and returns for such purpose, he will be looked on as the aggressor. Wharton on Homicide, 531; *Allen v. State,* 66 Miss. 385, 6 South. 242.

There can be but one explanation of appellant's conduct in this case. He said, when he left his home, that he would kill Clark; he procured his gun, loaded it, and returned to the scene of the previous difficulty; was there in search of Clark and for the express purpose of carrying his threat into execution. He invited, in fact, created, the danger in which he stood. It was, under the circumstances, murder to kill his adversary, even if his own life was in peril. *Allen v. State, supra; Helm v. State,* 67 Miss. 574, 7 South. 487.

The case is overwhelmingly against appellant on the facts. There is no evidence that appellant at any time ever abandoned his intent to kill Clark, hence the cases cited by learned counsel for appellant are not in point.

WHITFIELD, C. J., delivered the opinion of the court.

The instruction given for the state, informing the jury that on the facts in the case defendant was estopped to plead self-defense, was manifestly erroneous. *Herring v. State,* 87 Miss. 628, 40 South. 230; *Lofton v. State,* 79 Miss. 723, 31 South. 420; *Cooper v. State,* 80 Miss. 175, 31 South. 579; *Pulpus v. State,* 82 Miss. 548, 34 South. 2; *Jones v. State,* 84 Miss. 194, 36 South. 243.

The modification of the fourth instruction was for the same reason erroneous.

*Reversed and remanded.*