COOPER GROCERY COMPANY, *Plaintiff in Error;* v. CITIZENS BANK AND TRUST COMPANY, *Defendant in Error.*

The effect of Sections 2 and 4 of Chapter 5960, Acts of 1909, is to modify Section 3107 of the General Statutes of 1906, so as to require the trial court to adjudicate the reasonableness of attorney fees allowed for the collection of notes even though a specific fee has been contracted for.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay,* for Plaintiff in Error;

*E. R. Gunby* and *William Hunter,* for Defendant in Error.

WHITFIELD, C. J.—The Citizens Bank and Trust Company brought an action in the Circuit Court for Hillsborough County upon two promissory notes bearing 10 per cent interest per annum. The court denied a motion to strike from each count of the declaration a claim of ten per cent. attorney fees upon the ground that such a demand is void or contrary to the policy expressed in Chapter 5960, Acts of 1909. A demurrer to a special plea was sustained and the defendant not desiring to further plead the court entered judgment as follows:

"Judgment is hereby rendered upon the demurrer in favor of the plaintiff, and the court having before it the original notes upon which suit was brought in said cause computed the amounts due and unpaid thereon, and it appearing in the face of said notes that in addition to the principal and interest due thereon, there is due thereon ten per cent attorneys fee, the same having been placed in the hands of an attorney for collection,

IT IS FURTHER ORDERED that the plaintiff have and recover from the defendant the sum of Eight Thousand, Six Hundred, Eighty-three and 74.100 Dollars, being the principal and interest due upon said promissory notes and ten (10) per cent. of the aggegate of said principal and interest for attorneys' fees; and that the plaintiff do further have and recover from the defendant the sum of Nine and 92.100 Dollars for costs in this suit, and that execution issue therefor." The bill of exceptions shows the notes were the only evidence adduced at the trial.

On writ of error the defendant argues that the court erred in sustaining the demurrer to the special plea and in allowing the ten per cent. attorney fees.

The special plea averred that the plaintiff agreed that if a certain sale of property be comsummated upon stated

terms, the indebtednes alleged "could be paid with the promissory notes in equal amount which would be received by the defendant", from the purchasers of the property, but the plea contains no averment that such notes in equal amounts were tendered, and it appears that the contemplated sale was consummated upon other terms than those stated, therefore the demurrer to the plea was properly sustained.

Sections 2 and 4 of Chapter 5960, Acts of 1909, provide that:

"It shall be usury and unlawful for any person, association of persons, firm or corporation, or for any agent, officer or other representative of any person, association of persons, firm or corporation, to reserve, charge or take for any loan, or for any advance of money, or for forbearance to enforce the collection of any sum of money, a rate of interest greater than ten per centum per annum, either directly or indirectly, by way of commission for advances, ·discount, exchange, or by any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of ten per centum, as aforesaid, That the provisions of this Section shall not apply to sales of bonds in excess of one hundred dollars and mortgages securing the same, or money loaned on bonds."

"That Act shall not be so construed as to prevent provision for the payment of such attorney's fees as the court may determine in cases brought before the court to be reasonable and just for legal services rendered in enforcing non-usurious contracts, either at law or in equity: Provided, that no attorney's fee shall be allowed in any court of a Justice of the Peace for a sum exceeding Five Dollars. Provided, further, that this Act shall

not be construed so as to prohibit mortgagees from contracting for or collecting premiums for insurance actually issued on the property mortgaged, with the usual loss payable or mortgage clause attached thereto."

The effect of this statute is to modify Section 3107 of the General Statutes and to require the trial court to adjudicate the reasonableness of the attorneys' fee allowed for the collection of notes even though a specific fee had been contracted for. In this case the court states that "it appearing in the face of said notes that in addition to the principal and interest due thereon there is due thereon ten per cent attorney's fee, the same having been placed in the hands of an attorney for collection," and gave judgment for a sum stated, "being the principal and interest due upon said promissory notes and ten (10) per cent of the aggregate of said principal and interest for attorney's fees."

Assuming that the sum due as principal and interest was properly ascertained, the attorney's fee allowed in the judgment should appear by the record to have been judicially determined upon proper proceeding "to be reasonable and just for legal services rendered in enforcing" the payment of the notes.

The judgment is reversed for proceedings in accordance with this opinion.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.