HOLDER TURPENTINE COMPANY, a Corporation, *Plaintiff in Error*, v. M. C. KISER COMPANY, a Corporation, *Defendant in Error*.

### Opinion Filed November 17, 1914.

1. A plea in abatement that the plaintiff foreign corporation had not complied with Chapter 5717, Acts of 1907, by filing its Charter, etc., is subject to demurrer when it does not in effect aver that the foreign corporation plaintiff was not doing business in this State when the pleaded statute was enacted.

2. A judgment by default operates to deprive a defendant of substantial rights in contesting the liability alleged against him by the plaintiff's declaration; and such consequences are lawful only when the defaults are duly authorized.

3. In our law the authority to enter default judgments is regulated by statute, though rules of court may prescribe further regulation to make the statutory provisions effective; but such rules should not be inconsistent with the statutes on the subject.

4. The statutes authorize the entry of default judgments in law actions "if the defendant shall fail to appear, * * * or

·VOL. 68, JUNE TERM, 1914. · 313 ·

Holder Turp. Co. v. Kiser Co.—Opinion of Court. .

shall fail to plead or demur, at the time heretofore provided" thus showing the word "plead" has reference to the *plea* required by a previous section.

5. Rules of court relative to entry of default should be construed with reference to the statutory provisions authorizing judgments by default. Thus construed the Circuit Court Rules on the subject do not authorize the entry of a default without notice for failure to file, within the terms fixed by the rules, a rejoinder to a replication that requires an answer, there being no order of the court with reference to filing the rejoinder.

6. The court is not authorized to enter a default without notice for failure to file within the time fixed by Circuit Court Rule 20, a rejoinder to a replication that requires an answer, there being no order of the court with reference to filing the rejoinder.

7. Under Chapter 5960, Acts of 1909, when attorney fees are recoverable in actions on notes, the reasonableness of the fees should be adjudged by the court.

Writ of error to Circuit Court for Citrus County; W. S. Bullock, Judge.

Judgment reversed.

*H. M. Hampton*, for Plaintiff in Error;

*D. Niel Ferguson*, for Defendant in Error.

WHITFIELD, J.—The Kiser Company brought an action against the Holder Company on promissory notes under seal. The defendant in abatement and also in bar pleaded in effect that the plaintiff company was a foreign corporation that had not complied with Chapter 5717, Acts of 1907, and that under said statute the payment of the

notes could not be enforced. A demurrer to the plea in abatement was sustained and the demurrer to the plea in bar was overruled. On November 25th, 1913, the plaintiff filed replications alleging that the transaction was interstate commerce and not subject to the statute. In February, 1914, the defendant's attorney accepted service of notice of the filing of the replications. No rejoinder to the replication was filed and on April 11th, 1914, without notice to the defendant the court rendered a default judgment against the defendant "for failure to file rejoinder to the plaintiff's replication to defendant's plea," and final judgment for the plaintiff, including 10 per cent attorney fees provided for in the notes, was rendered by the court.

On writ of error the defendant below contends that the court erred in sustaining the demurrer to the plea in abatement; in entering a default judgment and in allowing attorney fees in the final judgment.

The demurrer to the plea of non-compliance by the plaintiff foreign corporation with the statute pleaded in abatement was properly sustained since the plea did not aver that the plaintiff company was not doing business in this State when the pleaded statute was enacted, so as to make the statute applicable. The same defect exists in the plea in bar, but a demurrer to the plea in bar was overruled by the court.

A judgment by default operates to deprive a defendant of substantial rights in contesting the liability alleged against him in the plaintiff's declaration; and such consequences are lawful only when the defaults are duly authorized. In our law the authority to enter default judgments is regulated by statute, though rules of court may prescribe further regulation to make the statutory pro-

VOL. 68, JUNE TERM, 1914.    315

Holder Turp. Co. v. Kiser Co.—Opinion of Court.

visions effective; but such rules should not be inconsistent with the statutes on the subject.   See Section 1740 Gen. Stats. 1906.

The statutes authorize the entry of default judgments in law actions "if the defendant shall fail to appear, * * * or shall fail to plead or demur, at the time heretofore provided" thus showing the word "plead" has reference to the *plea* required by a previous section.  Rules of court relative to the entry of default should be construed with reference to the statutory provisions authoriing judgment by default.   Thus construed the Circuit Court Rules on the subject do not authorize the entry of a default without notice for failure to file within the term fixed by the rules a rejoinder to a replication that requires an answer, there being no order of the court with reference to filing the rejoinder.

In this case the defendant failed to file its rejoinder as required not by an order of the court, but by Circuit Court Rule 20, within twenty days after notice of the filing of the plaintiff's replication, and the statutes and rules do not authorize the rendering of a default judgment for failure to file a rejoinder, at least in the absence of a failure to comply with an order of the court relative to the filing. See Circuit Court Rule 21.

Under the statute when attorney fees are recoverable in a case like this, the reasonableness thereof should be adjudged by the court.   See Cooper Grocery Co. v. Citizen's Bank & Trust Co., 62 Fla. 142, 56 South. Rep. 435; Chapter 5960, Acts of 1909.

As the judgment by default was not authorized by law the judgment consequent upon such default is erroneous and is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.