THE STATE OF FLORIDA, upon the relation of H. E. Fisher, *Relator,* v. M. G. ROWE, as Judge of the Circuit Court, Volusia County, State of Florida, *Respondent.*

148 So. 588.
Opinion Filed May 9, 1933.
Re-hearing denied July 13, 1933.

*M. S. McGregor,* for Relator;

*M. G. Rowe, in pro per.,* for Respondent.

DAVIS, C. J.—Section 76 (2) of the 1931 Chancery Act (Chapter 14658, Acts of 1931) reads as follows:

"(2) No Notice to Party in Default; No notice of any motion, hearing or any other proceeding under a bill of complaint or under answer asserting a counterclaim and praying affirmative relief shall be required as to a party against whom a decree *pro confesso* has been taken, and no time need elapse as to any such defaulting party in order to allow the court to proceed with the cause."

An alternative writ of mandamus was applied for in this cause alleging that respondent M. G. Rowe is the duly qualified and acting Circuit Judge of the 7th Judicial Circuit of Florida in and for Volusia County; that relator had instituted his suit for divorce in the respondent's court and had caused process to be issued and served pursuant to which process the defendant wife entered her appearance in the pending cause; that thereafter defendant had failed to answer or otherwise reply to the bill of complaint in consequence of which default a decree *pro confesso* had been duly entered against said defendant; that thereafter on February 10, 1933, relator, the complainant in the divorce suit, had presented himself to the Circuit Judge in his Chambers and had requested said Judge to hear proofs to establish the allegations of his divorce bill; that it was the established custom of the respondent Circuit Judge to personally hear and take all proofs in divorce cases and that it was pursuant to said custom that complainant had presented himself with his witnesses before the Chancellor; that although complainant was present before the Chancellor with his witnesses and ready to proceed to offer his proofs in support of his bill of complaint, that the respondent, as Circuit Judge, refused to hear the relator or his witnesses on the ground that complainant had not given notice to the defendant of the hearing then about to be held; that respondent as Circuit Judge further announced to re-

lator and his counsel not to apply for any hearing to take proofs in said cause until notice had been given the said defendant of the time and place of the hearing and proof of such notice duly filed, notwithstanding the fact that a decree *pro confesso* had been duly and legally taken and entered against the defendant.

The command of the alternative writ is that the respondent be required to hear the pending divorce proceeding, and allow the complainant in said cause to present his proofs, according to law and the rules of practice, without complying with the Circuit Judge's ruling that the defendant in the case be first notified and proof thereof filed in the cause,—the case being on default.

The return filed by the Circuit Judge admits the substance of the allegations of the alternative writ of mandamus as to the pendency of the relator's divorce suit on decree *pro confesso,* but avers that his refusal to hear the case on decree *pro confesso,* without notice to defendant of the time and place of the hearing for the taking of testimony, is predicated on his discretion as a Chancellor to compel obedience to a special and local rule of his court governing divorce cases by which rule (designated as No. 6) it is required that notice to the defendant of the time and place of hearing all divorce cases be given, if the residence of the defendant is given as known, whether on decree *pro confesso* or not.*

Motion is made by relator for issuance of a peremptory

---

*The rule referred to is stated in respondent's brief to be as follows: "Circuit Court Rule of the Seventh Judicial Circuit Court, Number Six, which became effective November 1st, 1928, reads as follows: 'Testimony in all divorce cases will be taken before the court, and sufficient notice of such hearing shall be given to the defendant in all cases where the residence is known, proof of such service to be filed in said cause."

writ, the respondent's return to the contrary notwithstanding.

We think that the provisions of the 1931 Chancery Act hereinbefore quoted constitute a complete justification for the relator's position that a defendant in a chancery suit, against whom a decree *pro confesso* has been entered, is not entitled to notice of the time and place of taking the complainant's testimony, and that the Circuit Court rule relied on to the contrary, is ineffective to confer such right, notwithstanding the effect of the rule itself is limited to suits for divorce only.

Courts cannot make special rules of practice inconsistent with law. Keen v. State, 89 Fla. 113, 103 Sou. Rep. 399. A rule of court relative to default procedure should be construed with reference to the statutes relative to judgments by default. Holder Turpentine Co. v. M. C. Kiser Co., 68 Fla. 312, 67 Sou. Rep. 85; S. A. L. Ry. Co. v. Hess, 73 Fla. 494, 47 Sou. Rep. 500.

In suits involving the marital status and rights, strict rules of practice are not required, and when the rights of the parties are, in substance protected, the proceedings are largely in the discretion of the trial court. Wade v. Wade, 93 Fla. 1004, 113 Sou. Rep. 374. Therefore, it is within the province of a chancellor called on to decide a divorce case pending before him on a decree *pro confesso* entered against the defendant in the case, to order the defendant summoned before the court to testify or give such other evidence as the Chancellor may deem necessary to enable him to justly decide the issues presented by the adversary party's pleadings and proofs.

But the Circuit Court Rule No. 6 relied upon by the respondent Circuit Judge to sustain his position in denying to relator, as complainant in a divorce case pending before

him on legal decree *pro confesso,* the right to a hearing of relator's own case until he, the relator, has first notified the defaulted defendant of the date of the hearing, cannot be sustained as being justified by the authority above cited. Such local court rule is admittedly a rule of procedure applicable only to divorce cases pending in the Circuit Court of Volusia County. It is of a general and permanent nature and is the equivalent of a local practice requirement that if written into a "local" *law* applicable only to court proceedings in Volusia County, would no doubt be held unconstitutional under Section 20 of Article III of the Constitution of 1885, which prohibits special or local *laws* "regulating the practice of courts of justice, except municipal courts."

It has been held in this State that under the statutes of this State the Supreme Court alone is vested with the power to adopt rules of practice of a general and permanent nature and convenient simply, not necessary to the administration of justice by the Circuit Courts, and that the Circuit Courts have been divested of the power to adopt such practice rules, even though the Circuit Court rule so adopted is not in conflict with any rule already promulgated by the Supreme Court.

State ex rel. Ross v. Call, Circuit Judge, 39 Fla. 504, 22 Sou. Rep. 748. In the case just cited, this court said that where a rule adopted by the Circuit Court is of that character which the Supreme Court only has power to adopt, being of a permanent and general nature, and convenient simply, not necessary, to the administration of law by the Circuit Judge, that such rule would constitute no justification for the failure of the Judge to consider and decide the issues of law presented in a pending law suit, and that a peremptory writ of mandamus would be awarded against the

Circuit Judge to require him to proceed, the special and local rule of practice to the contrary notwithstanding.

In the case now before us it has been made to appear by the alternative writ of mandamus and the return thereto, that it is the duty of the respondent Circuit Judge to proceed to hear the complainant's proofs in accordance with paragraph "2" of Section 76 of the 1931 Chancery Act, notwithstanding the local rule of the Circuit Court *contra,* though the Circuit Judge may require the defendant in the divorce proceedings to be summoned to testify in the cause, so the peremptory writ of mandamus must issue as moved by relator. No costs will be taxed against the respondent Judge.

Peremptory writ of mandamus awarded without costs against respondent.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., dissent.

ELLIS, J. (Dissenting).—The rule quoted does not apply in cases of divorce. No decree can be made without proof of the allegations of the bill. A decree *pro confesso* therefore amounts to little if anything at all. Hancock v. Hancock, 55 Fla. 680, 45 Sou. Rep. 1020. The public is interested; the decree may affect children as well as public morals. In dealing with a decree *pro confesso* therefore the Judge has large discretion. Spencer v. Spencer, 61 Fla. 777, 55 Sou. Rep. 71. See also State v. Wolf, 63 Fla. 291, 58 Sou. Rep. 41. The proceedings on account of the nature of the cause are largely within the Judge's discretion.

BROWN, J. (Dissenting).—In view of the State's peculiar interest in divorce proceedings, I am inclined to think the special Circuit Court rule might be upheld. We have held that in such cases, admission of the parties by way of decree

*pro confesso* amount to but little. Considerable discretion is vested in the Circuit Courts in cases of this nature, and it is their duty to keep in mind the public welfare and morals that are involved. I doubt if Section 76 of the 1931 Chancery Act was intended to circumscribe the exercise of reasonable discretion by the Circuit Judges in protecting the public interests in divorce cases, and in the preventing of collusive or fraudulent divorces. See Wade v. Wade, 93 Fla. 1004, 113 So. 374. The Legislature cannot deprive the courts of the rule-making power when its exercise is esential to the rightful administration of their constitutional jurisdiction. State v. Call, 39 Fla. 504, 22 So. 748.