86 So.2d 771 (1956)
Charles T. LUNDSTROM and Rose Lundstrom, Appellants,
v.
Hunter LYON, II, Mrs. Hunter Lyon, II, William F. Kelen, Mrs. William F. Kelen, Herbert L. Jeffrey, Charlotte Jeffrey, Kogop Kalenian, Adrine Kalenian, Richard R. Twigg, Virginia Twigg, Appellees.
Supreme Court of Florida. Division B.
April 11, 1956.
W. Emory Daugherty, Jr., Miami, and Leonard Pepper, Tallahassee, for appellants.
Dixon, DeJarnette, Bradford & Williams, Robert King High, James Pilafian and Davant, Letts & White, Miami, for appellees.
PATTERSON, Associate Justice.
This appeal is from a Summary Judgment for the defendants entered in the Circuit Court of Dade County in a common law action. Defendants had pleaded the applicable two year statute of limitations provided in Sec. 95.11, F.S.A. The undisputed facts are that the complaint was filed with the clerk within the limitation period but original process was not placed in the hands of the sheriff until after the limitation period. With respect to the periods of limitation provided in Chapter 95, Sec. 95.01 provides:

*772 "What deemed the commencement of action. An action shall be deemed to be commenced, within the meaning of this chapter, when the summons or other original process shall be delivered to the proper officer to be served."
Florida Common Law Rule 4 then in effect provided that actions shall be deemed commenced when the complaint is filed with the clerk. The same provision now appears as Rule 1.2, Florida Rules of Civil Procedure.
The question to be decided is whether adoption of the aforementioned rule by this Court superseded the application of Sec. 95.01. We think it did not, and that with respect to the limitations of actions contained in Chapter 95, F.S.A., commencement of the action is fixed by the express terms of Sec. 95.01 to be the placing of the original summons in the hands of the proper officer for service.
Reading the statute and the rule each in its own context, there appears to be no irreconcilable conflict between the two. Commencement of an action for the purposes of the subject of limitations of actions is quite a different thing than commencement of an action in contemplation of procedural matters comprehended within the Rules of Civil Procedure. The statute is careful to provide expressly that the commencement of the action there contemplated is referable only to the subject of limitation of actions. It therefore is clear that the statute cannot be said to be broad enough to conflict with any other use of the term "commencement of actions" in reference to any matter not germane to Chapter 95, of which, of course, 95.01 is a part. At the same time, the body of the rules of procedure adopted by this Court, as limited by the statutory authority under which the rules were adopted and promulgated and by the limits of the inherent rule making power of the courts, have application only to processes and procedural matters in the conduct of litigation before the courts. Florida Common Law Rule 4 is one of the rules of practice made and promulgated by this Court under statutory authority found in Sec. 25.03, F.S.A.:
"25.03 Powers to make rules and regulations. The supreme court shall have the following powers, and action taken by it thereunder shall have the force of law until otherwise provided by the legislature, to-wit:
"(1) To make rules of practice, etc.  To make, amend, annul, or modify rules of practice or pleading of the supreme court or any other court as it may see fit not inconsistent with the law.
"(2) To make rules relating to process.  To make rules for the issuing and return of process in all courts not inconsistent with law."
Among such rules are procedural provisions related to the commencement and pendency of actions and the fixing of a precise time of commencement is necessary to the proper application and workability of such provisions. Such procedural matters lie apart from and have no logical relation to the substantive matter of limitations of actions. Therefore it is evident from their nature and purpose that Rule 4 and Sec. 95.01 have mutually exclusive effect and operation and the Court does not pretend to repeal the statute. Furthermore, it cannot be doubted that courts may not by rule of practice either by statutory or inherent rule making authority, amend or abrogate a right resting in either substantive or adjective law. Sec. 25.03, F.S.A.; Keen v. State, 89 Fla. 113, 103 So. 399; State ex rel. Fisher v. Rowe, 110 Fla. 141, 148 So. 588; Petition of Florida State Bar Association, etc., 145 Fla. 223, 199 So. 57. If Common Law Rule 4 were given the effect of abrogating Sec. 95.01, it would have the effect of altering statutory periods of limitation by court rule contrary to this established proposition.
There is yet another reason to support our view of the Rule. Section 25.47, *773 F.S.A., under which the civil rules were promulgated provides that this Court, in adopting rules of procedure, should expressly designate such procedural statutes as should be repealed or superseded in whole or in part by the rules adopted. Sec. 95.01 was not so designated.
From the considerations mentioned which are peculiar to the statute and rule here considered, we are not persuaded by cases from other jurisdictions under rules and statutes unlike our own.
The judgment appealed from is affirmed.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.