291 So.2d 225 (1974)
M.I. ROBBINS, Appellant,
v.
Russell THOMPSON, Appellee.
No. 72-267.
District Court of Appeal of Florida, Fourth District.
March 8, 1974.
John D. Kruse, Fort Lauderdale, for appellant.
Henry J. Prominski, Tucker, Roth, Prominski & Peschio, Pompano Beach, for appellee.
PER CURIAM.
This is an appeal by M.I. Robbins, defendant below, from an order denying defendant's motion to set aside default and entering final judgment in favor of the plaintiff pursuant to such default.
The plaintiff moved for the entry of a default on the basis of defendant's failure to serve an answer or otherwise defend within the time prescribed by law. A default having been entered, the cause proceeded to trial. Defendant was present at the time set for trial and at that time filed *226 his motion to vacate and a responsive pleading.
The general rule in respect to setting aside a default or a final judgment consequent thereon is that relief may be granted within the sound discretion of the trial court upon showing of the existence of a meritorious defense and a legal excuse for failure to comply with the rules. Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733. The defendant has failed to demonstrate that the order denying defendant's motion to vacate on the basis of excusable neglect constituted an abuse of discretion. Smiles v. Young, Fla.App. 1973, 271 So.2d 798; Farish v. Lum's, Inc., Fla. 1972, 267 So.2d 325; 19 Fla.Jur. Judgments and Decrees, Sec. 459. Although the default deprived the defendant of the right to contest the existence of plaintiff's claim and his liability thereon, defendant still had the right to contest the amount of damages by way of the introduction of evidence in mitigation of them or by cross-examination. Stevenson v. Arnold, Fla. 1971, 250 So.2d 270; Holder Turpentine Co. v. M.C. Kiser Co., 1914, 68 Fla. 312, 67 So. 85; Russ v. Gilbert, 1882, 19 Fla. 54. The reconstructed record of the proceedings below (the same not having been stenographically reported) reflects that the action of the trial court was of such nature as to preclude the defendant from participating at the trial on the issue of damages.[1]
Accordingly, that portion of the final judgment determining the amount of damages is vacated and set aside and the cause remanded for further proceedings on the issue of damages. In all other respects the final judgment is affirmed.
Reversed, in part; affirmed, in part.
OWEN, C.J., and CROSS and MAGER, JJ., concur.
NOTES
[1] The judge appeared to be of the view that since the default was entered the defendant did not have the right to put on testimony or cross-examination. Defendant's "acquiescence" to this observation did not, under the particular facts and circumstances, constitute a waiver of his right to submit the matter for review.